## BRALEY & a. v. SIMONDS.

If an administrator, under a license from the judge of probate, sells and conveys an equity of redemption in lands whereof he is seized of the unincumbered fee, nothing passes by his deed.

WRIT OF ENTRY. The plaintiffs are the heirs at law of Jesse Braley. The defendant claims under a deed from the administrator of Jesse Braley's estate. April 3, 1874, Jesse conveyed the de-manded premises to James and Exelia Braley, upon condition that the deed should be void if he should support James and Exelia, and the survivor of them, during their natural lives. James died January 5, 1875; Jesse, July 24, 1875; and Exelia, February 16, 1876. Jesse and his heirs or administrator fully performed the condition. July 16, 1876, a license was granted to the adminis-trator of Jesse's estate to sell the right in equity in the demanded premises, subject to the mortgage or conditional deed of April 3, 1874; and he accordingly sold and conveyed the same to the de-fendant. The court ordered judgment for the plaintiffs, and the defendant excepted.

*H. E. Perkins, J. Y. Mugridge*, and *A. W. Silsby*, for the plaintiffs.

*W. T. & H. F. Norris* and *Sulloway & Topliff*, for the defendant.

CARPENTER, J.   The condition of the deed having been fully performed, the unincumbered fee in the demanded premises was at the date of the license vested in the administrator under the statute, for the purpose of selling the same to pay the debts of the deceased. The fee did not pass to the defendant, because the administrator was not authorized to sell, and did not undertake to sell or to convey it; the right to redeem from the deed of April 3, 1874, or to perform its condition, did not pass, because no such right existed. What remedies the defendant may have is a question not raised by the case.

*Exceptions overruled.*

STANLEY, J., did not sit : the others concurred.